James E. Mercante, Esq.
Keith A. Brady, Esq.
**RUBIN, FIORELLA, FRIEDMAN & MERCANTE LLP**
630 Third Ave., 3rd Floor
New York, NY 10017
*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

_____

IN THE MATTER OF THE COMPLAINT

  -of -

CHERLY A. PIZAPPI,
as Owner of a M/V RAGAZZA GO-VELOCE,
a 1999, 33-foot Wellcraft Scarab for
Exoneration from or Limitation of Liability,

      Petitioner.
_____

Civil Action No.: 22-cv-6059

**COMPLAINT FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY**

     Petitioner, CHERYL A. PIZAPPI, as owner of M/V RAGAZZA GO-VELOCE, a 1999 33-foot Wellcraft Scarab, by and through her attorneys Rubin, Fiorella, Friedman & Mercante LLP, as and for her Complaint for Exoneration from or Limitation of Liability, alleges upon information and belief, as follows:

**JURISDICTION AND VENUE**

    1.  This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, as hereinafter more fully appears ("Limitation Action").

    2.  The Court has admiralty and maritime jurisdiction over this proceeding pursuant to Article III, Section 2 of the Constitution of the United States and 28 U.S.C. § 1333, because the

incident involved a vessel drifting upon the navigable waters of the United States, more specifically the Hudson River, at or near Peekskill, New York.

3. Venue in this district is proper because the incident giving rise to this action arose within this District.

## THE PARTIES

4. Petitioner, Cheryl A. Pizappi. at all pertinent times was and still is domiciled in the State of New Jersey.

5. Petitioner is the owner of M/V RAGAZZA GO-VELOCE, a 1999 33-foot Wellcraft Scarab.

6. On July 4, 2021, the Vessel was upon the navigable waters of the United States, more specifically, the Hudson River in the vicinity of Peekskill, New York.

7. On July 4, 2021, at approximately 1430 hours, the Vessel was rafted together with several other vessels drifting down the Hudson River at or near the Bear Mountain Bridge, Peekskill, New York. Petitioner's Vessel was in the middle of the rafted vessels. On the port side of Petitioner's Vessel was a 42-foot cruiser owned by Bobby Moran ("Moran Cruiser" or "Cruiser").

8. Suzanne Cerbasi, a guest on the Moran Cruiser, jumped into the water to swim along with other guests from other boats making up the rafted vessels including Petitioner. After several minutes in the water, Cerbasi decided to exit the water and get back onto the Moran Cruiser. To do this, Cerbasi, climbed up a swim ladder connected to a boat that was rafted together and located next to Petitioner's Vessel. Cerbasi climbed up that boat's swim ladder and onto its swim platform. She then turned to her right and walked across that vessel and stepped over onto Petitioner's Vessel's swim platform and walked across Petitioner's Vessel to reach the

Moran Cruiser. When Cerbasi attempted to step from the Petitioner's Vessel's swim platform onto the Moran Cruiser's swim platform, she allegedly slipped and fell striking her side against the Moran Cruiser's swim platform.

9. Cerbasi was transported by ambulance from Charles Point Marina, Peekskill, New York to Hudson Valley Hospital for treatment.

10. Upon information and belief, Cerbasi allegedly sustained three fractured vertebrae in her lumbar spine from the incident.

11. The incident resulted in Suzanne Cerbasi filing a complaint against Petitioner in the Supreme Court of the State of New York, County of Rockland on August 11, 2022.

12. At all times, the Vessel was well maintained, equipped, and operated safely.

13. There was no condition on the Vessel that caused or contributed to Suzanne Cerbasi's fall.

14. Any claims for loss, damage and/or injury arising from the incident was not due to the fault, neglect, or want of care on the part of the Petitioner.

15. Any claims for loss, damage and/or injury arising from the incident were contributed to by the acts and/or omissions of Suzanne Cerbasi and/or third parties for whom Petitioner is not responsible, and not due to any fault, neglect, or want of care on the part of the Petitioner.

16. If any fault caused or contributed to the claims for loss, damage and/or injury arising from the incident, which is denied, such fault, neglect, or want of care was occasioned and occurred without Petitioner's privity or knowledge.

17. The value of the Vessel after the incident was $45,000 based on the Vessel's insurance policy's declarations page, property damage (Exhibit "A").

18. Petitioner offers an *Ad Interim* Stipulation for Value totaling the amount of $45,000, based on the insured's vessel's insurance policy's property damage agreed value, said amount not less than Petitioner's interest in the value of the Vessel on the date of the incident, for payment into the Court whenever the same shall be ordered after motion, as provided for by the aforesaid statute, and by Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and by the rules and practices of this Court. (Exhibit "A", *Ad Interim* Stipulation for Value).

19. The nature of the alleged claim seeks an amount in damages that exceed the value of Petitioner's interest in the Vessel on the date of the incident.

20. Petitioner commenced this proceeding within six months of receiving written notice of the incident giving rise to alleged injuries.

21. Petitioner is entitled to exoneration from liability for any claims arising from the aforementioned incident, and from any and all claims that have been or may hereafter be made.

22. Petitioner's claim, in the alternative, the benefit of limitation of liability to the value of the Vessel provided by 46 U.S.C. §30501 *et seq.*, and the various statutes supplementary thereto and amendatory thereof.

WHEREFORE Petitioner prays:

(1) That this Court issue an Order to include the following:

    a. Directing the issuance of Notice to all persons asserting claims with respect to the July 4, 2021, incident, which this Complaint seeks Exoneration from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve undersigned counsel for Petitioner a copy hereof on or before a date to be named in the Notice.

    b. Directing Petitioner to file an *Ad Interim* Stipulation for Value as security for the benefit of any and all claimants, in the amount of Petitioner's interest in the value of the Vessel as of the date of the incident, with interest at the rate of 6% *per annum* from the date of said security or whenever the Court shall so order.

    c. Directing that upon Petitioner's filing of the *Ad Interim* Stipulation for Value, an injunction shall issue (Restraining Order) enjoining the prosecution against Petitioner, her representatives, insurer, and the Vessel, of any and all claims, suits, actions, motions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

(2) That this Honorable Court adjudge that Petitioner is not liable for any claims for loss, damage and/or injury arising out of the July 4, 2021, incident, and is therefore entitled to exoneration from liability.

(3) If Petitioner is adjudged liable, that such liability be limited to the Petitioner's interest in the value of the Vessel as of the date of the incident in the maximum amount of $45,000, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided *pro rata* according to the above-mentioned statutes among such claimant(s) as may duly prove their claim saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(4) That Petitioner may have such other and further relief as justice may require.

Dated: New York, New York
       October 10, 2022

           **RUBIN, FIORELLA, FRIEDMAN
           & MERCANTE LLP**
           *Attorneys for Petitioner*

By:  *Keith A. Brady*
      James E. Mercante
      Keith A. Brady (KB7899)
      **RUBIN, FIORELLA, FRIEDMAN
      & MERCANTE LLP**
      James E. Mercante
      630 Third Avenue, 3rd Floor
      New York, NY 10017
      Tel: 212-953-2381
      Fax: 212-953-2462
      E-Mail: Jmercante@rubinfiorella.com
      E-Mail   kbrady@rubinfiorella.com
      Our File No.: 0977.48727